UNITED STATES DISTRICT COURT
NOTRHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA LAMB, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiffs, | ) CASE NO. ) ) JURY TRIAL REQUESTED |
| v. | ) ) |
| ASSET RECOVERY SOLUTIONS, INC., an Illinois corporation; and NAVIENT SOLUTIONS, LLC | ) ) ) |
| Defendants. | ) ) |

**CLASS ACTION COMPLAINT**

1. This is an action for damages arising under 47 U.S.C. § 227 et seq., the Telephone Consumer Protection Act ("TCPA") against Asset Recovery Solutions, Inc. ("Asset Recovery") and Navient Solutions, LLC. ("Navient"). The TCPA prohibits, among other things, the use of an automatic telephone dialing system ("ATDS") to call a telephone number assigned to a cellular telephone service without the prior express consent of the called party. Defendants, in contravention of the aforementioned Act, has imparted concrete and particularized injury upon Plaintiff by placing such calls to her cellular telephone during the time frame relevant to this action.

2. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No.

1

102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this matter under 28 U.S.C. § 1331. The TCPA is a federal statute. Venue here is proper under 28 U.S.C. § 1391(b). A substantial part of the events giving rise to Plaintiff's action occurred here, and Defendant Asset Recovery has its principal place of business in this judicial district.

## PARTIES

4. Plaintiff Linda Lamb ("Aviles") is a natural person who, at all times relevant to this action, was a resident of Madison, Alabama.

5. At all times relevant to this action, Ms. Lamb has been the regular user of the cellular telephone assigned the cellular telephone number ending in "0484."

6. Ms. Lamb is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. §153(39).

7. Defendant Asset Recovery Solutions, Inc. ("Asset Recovery") is an Illinois corporation with principal offices located in Des Plaines, IL and whose registered agent for service of process in the State of Illinois is CT Corporation System, 208 S. LaSalle St., Suite 814, Chicago, IL 60604.

8. Upon information and belief, Asset Recovery is in a business the primary purpose of which is to collect consumer debt on behalf of various creditors, including but not limited to student loan lenders and servicers.

9.    Defendant Navient Solutions, LLC ("Navient") is a Florida corporation, with its principal place of business at One Park Plaza, Nashville, TN 37203.

10.   On information and belief, it is Navient's policy and practice to assign some or all of its delinquent accounts to Asset Recovery for collection.

11.   Defendants are and at all times mentioned herein were "person[s]" as defined by 47 U.S.C. §153(39).

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

12.   In 1991, Congress enacted the TCPA, 47 U.S.C. § 227, et seq., in response to a growing number of consumer complaints regarding certain telemarketing practices.

13.   The TCPA regulates, among other things, the use of prerecorded messages. 47 U.S.C. §227(a)(1). Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of prerecorded or artificial voice to a wireless number in the absence of an emergency or the prior express consent of the called party.

14.   According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. See FCC, Rules and Regulations Implementing the Telephone Consumer Protection Act (TCPA) of 1991, FCC 03-153, 68 Fed. Reg. 44144, 44165 (July 25, 2003) ("2003 FCC Ruling"). The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used. Id.

15. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. See In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 23 F.C.C. Rcd. 559 ¶1 (Jan. 4, 2008) ("2008 FCC Ruling"). The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed." Id. at ¶9-10.

16. In the same Declaratory Ruling, the FCC emphasized that both the creditor and the third party debt collector may be held liable under the TCPA for debt collection calls. Id. at ¶10 & n.38. ("A creditor on whose behalf an autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules. Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call….A third party collector may also be liable for a violation of the Commission's rules.")

17. The FCC also held "[c]onsumers may revoke consent in any manner that clearly expresses a desire not to receive further messages, and that callers may not infringe on that ability by designating an exclusive means to revoke." *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, Declaratory Ruling and Order, FCC 15-72, 2015 FCC LEXIS 1586, ¶ 63, 30 FCC Rcd 7961, 2015 FCC LEXIS 1586, 62 Comm. Reg. (P & F) 1539 (F.C.C. July 10, 2015) ("FCC 2015 Order").

**FACTUAL ALLEGATIONS**

18.     Asset is no stranger to TCPA litigation. For example, it was previously sued under the TCPA for its use of a predictive dialer. *See Tel. Sci. Corp. v. Asset Recovery Sols., LLC*, No. 15 C 5182, 2016 U.S. Dist. LEXIS 581, at *2 (N.D. Ill. Jan. 5, 2016) (Asset Recovery is an asset recovery management and debt purchasing company that uses a "predictive dialer" in connection with its business.)

19.     On or around April 6, 2017, Asset Recovery placed a telephone call to Plaintiff's cellular telephone number for the stated purpose of obtaining contact information for Plaintiff's sister.

20.     At the time of this call, Plaintiff had no relationship with Asset Recovery and had never provided Asset Recovery with consent to call her cellular telephone.

21.     At the time of this call, Asset Recovery had no need to locate Plaintiff's sister, as Plaintiff's sister had spoken to Asset Recovery and confirmed all of her contact information with Asset Recovery the day before on April 5, 2017.

22.     By making this unlawful phone call, Defendants caused Plaintiff the very harm that Congress sought to prevent - a "nuisance and invasion of privacy."

23.     Defendants' aggravating and annoying phone calls trespassed upon and interfered with Lamb's rights and interests in her cellular telephone and cellular telephone line and intruded upon his seclusion.

24.      Defendant's phone calls further harmed Lamb by wasting her time.

**CLASS ALLEGATIONS**

25. Plaintiff also brings this action on behalf of several classes of other similarly situated individuals, seeking damages and any other available legal or equitable remedies resulting from the illegal actions of Defendants in negligently, knowingly, or willfully contacting them on their cellular telephones in violation of the TCPA.

26. Accordingly, the proposed No Consent class is defined as follows:

> All persons within the United States (2) to whose cellular telephone number (3) Asset Recovery placed a non-emergency telephone call (4) between the date of filing this litigation and the date of certification, (5) through the use of any automatic telephone dialing system or artificial or prerecorded voice (6) where Asset Recovery did not have consent to call said cellular telephone number.

27. The proposed non-debtor class is defined as follows:

> All persons within the United States (2) to whose cellular telephone number (3) Asset Recovery placed a non-emergency telephone call (4) between the date of filing this litigation and the date of certification, (5) through the use of any automatic telephone dialing system or artificial or prerecorded voice (6) where the number called was not assigned to the debtor including where such person's number was obtained from a source other than the person himself.

28. The proposed non-debtor sub-class is defined as follows:

> All persons within the United States (2) to whose cellular telephone number (3) Asset Recovery placed a non-emergency telephone call (4) between the date of filing this litigation and the date of certification, (5) through the use of any automatic telephone dialing system or artificial or prerecorded voice (6) where Asset contends the call was made to obtain location information of the alleged debtor.

29. The proposed Navient class is defined as follows:

> All persons within the United States (2) to whose cellular telephone number (3) Asset Recovery placed a non-emergency telephone call (4) between the date of filing this litigation and the date of certification, (5) through the use of any automatic telephone dialing system or artificial or prerecorded voice (6) in an attempt to collect a debt owed or allegedly owed to Navient and (7) where the number called was not assigned to the debtor, including where such person's number was obtained from a source other than the person himself.

30. The proposed Navient sub-class is defined as follows:

> All persons within the United States (2) to whose cellular telephone number (3) Asset Recovery placed a non-emergency telephone call (4) between the date of filing this litigation and the date of certification, (5) through the use of any automatic telephone dialing system or artificial or prerecorded voice (6) in an attempt to collect a debt owed or allegedly owed to Navient and (7) where Asset contends the call was made to obtain location information of the alleged debtor.

31. Plaintiff represents, and is a member of the Classes, having been called by Asset Recovery, in an attempt to collect a debt owed to or allegedly owed to Navient, on her cellular telephone through the use of an automatic telephone dialing system or artificial or prerecorded voice, where Plaintiff was not the person alleged to owe the debt and Asset Recovery already had the contact information for the person who owes the debt.

32. Defendants and their employees and agents are excluded from the Classes.

33. Plaintiff does not know the number of members in the Classes, but believe the Class members number in the thousands. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

34. The Classes are so numerous that the individual joinder of all their members is impractical. While the exact number and identities of the Class members are known only to

Defendants at this time and can only be ascertained through appropriate discovery, Plaintiff is informed and believes that the Classes include thousands of members. Plaintiff alleges that the Class members may only be ascertained through the records maintained by Defendants.

35. Common questions of fact and law exist as to all members of the Classes which predominate over any questions affecting only individual members of the Classes. These common legal and factual questions, which do not vary between Class members, and which may be determined without reference to the individual circumstances of any Class members, include, but are not limited to, the following:

    a. Whether, within the class period, Asset Recovery made any call (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service;

    b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation;

    c. Whether Navient is vicariously liable for the class placed on its behalf; and

    d. Whether Asset Recovery should be enjoined from engaging in such conduct in the future.

36. As a person who received calls from Asset Recovery using an automatic telephone dialing system or an artificial or prerecorded voice, without her prior express consent, Plaintiff is asserting claims that are typical of the Classes.

37. Plaintiff will fairly and adequately protect the interests of the members of the Classes. Plaintiff has retained attorneys experienced in the prosecution of class actions.

38. A class action is superior to other available methods of fair and efficient adjudication of the controversy, since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, it would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

39. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the this Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

40. Defendants have acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. § 227

41. Plaintiff re-alleges and incorporates the foregoing allegations as if set forth fully herein.

42. It is a violation of the TCPA to make "any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service…." 47 U.S.C. § 227(b)(1)(A)(iii).

43. Asset Recovery caused equipment having the capacity to dial numbers without human intervention to be used to make non-emergency telephone calls to the cellular telephones of Plaintiffs and the other members of the Class defined above.

44. Asset Recovery's calls also utilized an artificial and/or prerecorded voice.

45. These calls were made without regard to whether or not Defendants had first obtained express permission from the called party to make such calls or after any consent was revoked.

46. As such, the calls at issue were willful or, at a minimum, negligent.

47. Defendants have, therefore, violated Section 227(b)(1)(A)(iii) of the TCPA by causing an automatic telephone dialing system and/or artificial or prerecorded voice to be used to make non-emergency telephone calls to Plaintiff and the other members of the Class without their prior express consent.

48. Navient is strictly liable for Asset Recovery's violations for the calls placed on its behalf.

49. As a result of Defendants' conduct and pursuant to Section 227(b)(3)(B) of the TCPA, Plaintiff and the other members of the putative Class are each entitled to a minimum of $500.00 in damages for each violation and if willfulness is proven up to $1,500 for each violation.

50. Plaintiff and the Class members are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

WHEREFORE, Plaintiff, on behalf of themselves and the other members of the Class, respectfully request the following relief against Defendants:

1. A declaration that Defendants practices described herein violate the Telephone Consumer Protection Act, 47 U.S.C. § 227;

2. An injunction requiring Defendants not to call any third parties or numbers that were obtained by sources other than the user of that phone to insure that Plaintiff is not called now or when Plaintiff obtains additional telephone numbers in the future;

3. An injunction requiring Defendants to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were skip traced to insure that Plaintiff is not called in the future;

4. An injunction requiring Defendants to file quarterly reports of third party audits with the Court on its system and procedures not to call any third parties or numbers that were obtained by third parties traced to insure that class members are not called in the future;

5. An award of actual damages in an amount to be proven at trial;

6. An award of statutory damages for Plaintiff and each Class member in the amount of $500.00 for each and every call that violated the TCPA;

7. An award of treble damages, as provided by statute, of up to $1,500.00 for Plaintiffs and each Class member for each and every call that violated the TCPA;

8. An order certifying this action to be a proper class action pursuant to the Federal Rules of Civil Procedure 23, establishing the appropriate Classes and any Sub-classes the Court deems appropriate, finding that Plaintiff is a proper representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

9. Such further and other relief the Court deems reasonable and just.

**JURY TRIAL REQUEST**

Plaintiff request a trial by jury on all issues so triable.

Dated: June 8, 2017.                    Respectfully submitted,


By: /s/ Keith J. Keogh
Keith J. Keogh
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois  60603
312.726.1092 (office)
312.726.1093 (fax)
tsostrin@keoghlaw.com
Keith@KeoghLaw.com

David J. Philipps
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
DavePhilipps@aol.com

Ronald C. Sykstus
Bond, Botes, Sykstus, Tanner & Ezzell, P.C.

          225 Pratt Avenue
          Huntsville, Alabama 35801
          (256)539-9899  (Main Office)
          (256)713-0237  (Facsimile)
          rsykstus@bondnbotes.com